## In re WHEELER and others, Bankrupts.

*(District Court, S. D. New York. January, 1881.*

1. BANKRUPTCY—DEBTS PROVED—NO ASSIGNEE—PETITION FOR DIS-CHARGE—REV. ST. § 5108—WAIVING OBJECTION—COSTS.

At the time of filing the petition for discharge, within six months of the adjudication, debts had been proved against the estate. An assignee was elected at a creditors' meeting, on the day the petition was filed, but did not qualify or receive his assignment until several days afterwards.

*Held,* that the petition must be dismissed, there being no assignee duly qualified to act when the petition was filed, and, without such assignee, it could not be ascertained whether any assets had come into his hands within the meaning of Rev. St. § 5108.

The creditor having, in his specifications against the discharge, objected that the petition was prematurely filed, *held,* that he did not waive the objection by afterwards taking testimony under the specifications.

Also *held,* that the objection could not be waived, as the court is bound, for the protection of all the creditors, to see that all the statutory conditions of granting the discharge are fulfilled.

Where much time and money were consumed in taking testimony under the specifications, *held,* that no costs should be allowed on dismissing the petition, because either party could have sooner brought the preliminary objection to the attention of the court.

*T. M. Wheeler,* for bankrupt.

*C. W. Bangs,* for opposing creditor.

CHOATE, D. J. This is an application for the discharge of George M. Wheeler, one of the bankrupts. Several specifications have been filed in opposition to the discharge. A preliminary objection is taken that the petition for discharge was prematurely filed, and must be therefore dismissed. Wheeler was adjudicated a bankrupt on his own petition, August 14, 1877. The petition for his discharge was filed on the twentieth of December, 1877. Under this adjudication a first meeting of creditors was called and held, but it did not result in the appointment of an assignee, because, meanwhile, proceedings had been taken for including William Bailey Lang, who had been a copartner of Wheeler, in the adjudication; and, on the seventeenth of November, 1877, Lang and the firm of W. Bailey Lang & Co. were also adjudicated, and thereupon a warrant issued to call a meeting of the creditors of both bankrupts, which was held on the twentieth of December, 1877, at which an assignee was elected, who qualified and received an asssignment on the twenty-sixth of December, 1877. There was, therefore, no assignee at the time the petition was filed. Prior to the filing of the petition for discharge debts had been proved against the bankrupt. The statute provides (Rev. St. 5108) that "at any time after the expiration of six months from the adjudication of bankruptcy, or if no debts have been proved against the bankrupt, or if no assets have come to the hands of the assignee at any time after 60 days, * * * the bankrupt may apply to the court for a discharge." I think it is clear that no application for a discharge can properly be made within six months after the adjudication, if debts have been proved, unless there is an assignee duly qualified to act; because, until there is an assignee, it cannot be ascertained that no assets have come to his hands within the meaning of the statute. The form of the petition prescribed by the supreme court, in case it is presented within less than six months, shows clearly that this was the view entertained by

the court, (form 51.) It is there noted that in such case the petition should itself state that "no debts have been proved against the bankrupt, or that no assets have come to the hands of the assignee." If, however, it were regular to file the petition within six months after adjudication in case debts have been proved, and without the appointment of an assignee, I think the proof in this case is that, if there had been an assignee at the time of the filing of the petition, there would have been assets in his hands. The petition having been filed before the statute permitted it to be filed, no discharge can be granted. It is suggested that the opposing creditor has waived this objection by proceeding with the taking of testimony under the specifications, but the opposing creditor took the objection in his specifications, and I do not think he can waive the objection if he wishes to do so. For the protection of all the creditors, the court is bound to see that the bankrupt has complied with the conditions of the statute which are requisite to the granting of his discharge; and, if the record shows that he has not done so, the discharge cannot be granted. Either party could have brought · this point to the attention of the court before expending so much time and money in the taking of testimony. It is certainly no more the fault of the opposing creditor than it is of the bankrupt that the matter was not sooner brought to the attention of the court. It becomes unnecessary, therefore, to consider the other questions which arise under the specifications to the merits, since they may not arise in the case again if a new petition should be filed.

Petition dismissed, without costs to either party as against the other.